# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., <br><br>   Plaintiff <br><br> v. <br><br> SATICOY BAY LLC SERIES 741 HERITAGE VISTA, et al., <br><br>   Defendants | Case No.: 2:17-cv-02646-APG-NJK <br><br> **Order (1) Granting in Part Heritage's Motion for Summary Judgment, (2) Granting JPMorgan's Motion for Summary Judgment, and (3) Denying Saticoy's Motion for Summary Judgment** <br><br> [ECF Nos. 42, 51, 68] |

The parties dispute whether a deed of trust still encumbers property located at 741 Heritage Vista Avenue in Henderson, Nevada following a non-judicial foreclosure sale conducted by a homeowners association (HOA), cross-defendant Heritage Villas #1 Homeowners Association (Heritage). Plaintiff JPMorgan Chase Bank, N.A. (JPMorgan) is the beneficiary of record for the deed of trust. JPMorgan seeks a declaration that the deed of trust continues to encumber the property. It also asserts a wrongful foreclosure claim against the HOA's foreclosure agent, Nevada Association Services, Inc. (NAS).[1]

Defendant Saticoy Bay LLC Series 741 Heritage Vista (Saticoy) purchased the property at the HOA foreclosure sale. Saticoy counterclaims for a declaration that the deed of trust was extinguished as a lien on the property. It also cross-claims against NAS and Heritage for failing to disclose a tender payment and for unjust enrichment in the event it is determined that the deed of trust remains an encumbrance on the property. Heritage cross-claims against NAS for indemnification and contribution.

---

[1] JPMorgan also asserted that claim against Heritage, but that claim was dismissed. ECF No. 56.

Heritage moves for summary judgment on Saticoy's claims against it. JPMorgan and Saticoy move for summary judgment against each other. The parties are familiar with the facts so I do not repeat them here except where necessary. I grant Heritage's motion for summary judgment on the merits, but I deny without prejudice its request for attorney's fees. I grant JPMorgan's motion and deny Saticoy's motion because a pre-sale tender payment satisfied the superpriority amount and thereby preserved the deed of trust.

## I. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

/ / / /

## II. HERITAGE'S MOTION FOR SUMMARY JUDGMENT (ECF No. 42)

### A. No Duty to Record or Disclose Tender Payment

Saticoy's second cross-claim alleges that Heritage had an obligation to inform bidders at the foreclosure sale that a tender payment had been made and Heritage failed to do so. ECF No. 32 at 4-5. Heritage argues it had no duty to disclose a tender payment. Heritage also argues the amounts in the foreclosure notices put Saticoy on inquiry notice that a payment had been made and Saticoy's principal regularly fails to investigate encumbrances on the properties that Saticoy purchases. Saticoy responds that a tender payment amounts to a subrogation that the HOA was required to record or otherwise tell bidders about. Alternatively, it contends Heritage had a duty to disclose under Nevada Revised Statutes § 116.1113 because Saticoy had a reasonable expectation that the HOA sale would extinguish the deed of trust unless told otherwise. Saticoy argues the changes in the notices did not put Saticoy on inquiry notice that the superpriority amount, as opposed to other amounts comprising the HOA lien, had been paid.

The Supreme Court of Nevada has rejected the proposition that tender payments must be recorded. *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 119-20 (Nev. 2018) (en banc). Additionally, at the time this sale took place, the statute required the HOA to deliver "a deed without warranty." Nev. Rev. Stat. § 116.31164(3)(a) (2013). Thus, Saticoy was on notice that the HOA was not warranting anything about the title being transferred, including whether a tender payment had been made. *See Noonan v. Bayview Loan Servicing, LLC*, Nos. 73665, 74525, 438 P.3d 335, 2019 WL 1552690, at *1 (Nev. 2019) (affirming grant of summary judgment in favor of HOA collection agent because the agent "neither made an affirmative false statement nor omitted a material fact it was bound to disclose" and citing to Chapter 116 as it existed at the time of the sale, which did not require disclosure of a tender payment); *A Oro, LLC*

*v. Ditech Fin. LLC*, No. 73600, 434 P.3d 929, 2019 WL 913129, at *1 n.2 (Nev. 2019) (stating that the purchaser at a foreclosure sale "provided no legal support for the unorthodox proposition that the winning bidder at a foreclosure sale can bring a fraud claim against the auctioneer when the auctioneer's foreclosure notices have disclaimed any warranties as to the title being conveyed"). Because the HOA had no duty to disclose a tender payment, Saticoy's cross-claim for failure to disclose fails as a matter of law. I therefore grant this portion of Heritage's motion for summary judgment.

### B. Unjust Enrichment

Saticoy's third cross-claim alleges that if the deed of trust continues to encumber the property, Heritage is unjustly enriched by Saticoy's bid, which was higher than it would have been had it known of the tender payment. ECF No. 32 at 5-6. Heritage argues it has not been unjustly enriched because it followed the law in conducting the foreclosure, it did not warrant anything with respect to the property, and Saticoy has owned and enjoyed use of the property since the sale. Saticoy responds that it conferred a benefit on Heritage by paying $12,100 for the property and Heritage accepted that benefit. Saticoy argues it would be inequitable for Heritage to retain those funds because Heritage withheld information that is material to bidders like Saticoy. Saticoy asserts it would not have bid on the property or bid as much had it known a tender payment had been made.

Unjust enrichment is "the unjust retention . . . of money or property of another against the fundamental principles of justice or equity and good conscience." *Asphalt Prod. Corp. v. All Star Ready Mix, Inc.*, 898 P.2d 699, 701 (Nev. 1995) (quotation omitted). To prevail on a claim for unjust enrichment, the plaintiff must show: (1) the plaintiff conferred a benefit on the defendant, (2) the defendant appreciated the benefit, and (3) the defendant accepted and retained the benefit

"under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997) (quotation omitted).

Saticoy's unjust enrichment claim fails as a matter of law. There is nothing unjust about Heritage retaining the funds from the foreclosure sale. Saticoy does not dispute that Heritage followed the law in conducting the sale and, as discussed above, Heritage had no duty to disclose the tender payment. Finally, although Saticoy contends that it would not have bid on the property or would have bid less had it known a tender payment had been made, it presents no evidence to support that statement. I therefore grant Heritage's motion for summary judgment on this claim.

**C. Attorney's Fees**

Heritage seeks attorney's fees against Saticoy under Nevada Revised Statutes § 116.4117(6). Saticoy argues I should not award attorney's fees because Saticoy brought its claims in good faith.

Nevada Revised Statutes § 116.4117(2) authorizes a unit owner in a common-interest community to bring a civil action against the HOA for a failure or refusal to comply with any provision of Chapter 116 or the community's governing documents. In such an action, the court "may award reasonable attorney's fees to the prevailing party." Nev. Rev. Stat. § 116.4117(6). Awarding fees is "permissive," not mandatory. *Cole-Monahan v. Salvo*, No. 62849, 2014 WL 5686290, at *3 (Nev. Nov. 3, 2014). Whether to award fees under this statute is guided by the factors set forth in *Brunzell v. Golden Gate National Bank*, 455 P.2d 31, 33 (Nev. 1969). *Id.*

Saticoy's cross-claims as pleaded are not entirely clear about whether they allege violations of Chapter 116 or of Heritage's governing documents. ECF No. 32. However, in

Saticoy's opposition to Heritage's motion for summary judgment, Saticoy argues that Heritage had a good faith duty to disclose under § 116.1113. That would be a dispute over whether Heritage violated Chapter 116, and thus this falls within § 116.4117's scope. Because Heritage prevailed on Saticoy's claim that it breached § 116.1113, I may award attorney's fees to Heritage under § 116.4117(6).

However, Heritage did not support its motion for attorney's fees in accordance with *Brunzell* or Local Rule 54-14. I therefore deny the request at this time, without prejudice to Heritage filing a properly supported motion.

**III. JPMORGAN'S AND SATICOY'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 51, 68)**

JPMorgan argues that a payment of the full lien amount set forth in the notice of default cured the superpriority portion of the HOA lien and thereby preserved the deed of trust. Saticoy contends that JPMorgan's allegations regarding tender are untimely because they were raised for the first time in JPMorgan's amended complaint, which was filed more than five years after the HOA foreclosure sale. Saticoy also argues that JPMorgan's motion is premature because discovery was not completed at the time JPMorgan moved for summary judgment. Saticoy contends discovery would show that additional HOA assessments accrued between the time of the notice of default and when the foreclosure agent received the tender payment, so the homeowners' account never reached a zero balance and a superpriority lien remained on the property at the time of the foreclosure.[2]

---

[2] Saticoy also contends the tender was required to be recorded. As discussed above, the Supreme Court of Nevada has rejected this argument.

In reply, JPMorgan argues that it timely filed its declaratory relief claim, and tender is just another theory to support that claim that is not independently subject to a statute of limitations. Alternatively, JPMorgan argues that its amended complaint relates back to the original complaint and Saticoy is not prejudiced because Saticoy has had the documents showing the tender payment since March 2015. JPMorgan argues that even if its tender allegations are untimely, it can assert tender as a defense to Saticoy's counterclaim because defenses are not subject to statutes of limitations.

**A. Statute of Limitations**

I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under Nevada Revised Statutes § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished a deed of trust.[3] *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA sale took place on October 18, 2013. ECF No. 51-1 at 90. JPMorgan filed its original complaint on October 12, 2017. ECF No. 1. Because JPMorgan's original complaint was brought within four years of the HOA foreclosure sale, its claim to determine adverse interests in property under § 40.010 is timely.

Additionally, JPMorgan's tender allegations are timely because they relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(1)(B) (allowing relation back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"). The original

---

[3] Saticoy argues for a limitation period shorter than four years. I have rejected similar arguments, and I do so again here. *See Bank of Am., N.A. v. Auburn & Bradford at Providence Homeowners' Ass'n*, No. 2:16-cv-00393-APG-NJK, 2020 WL 247480, at *2 (D. Nev. Jan. 16, 2020).

7

complaint alleged that the HOA failed to notify the lienholder that it intended to foreclose on a superpriority lien, that the foreclosure was void, and that the foreclosure sale did not extinguish the deed of trust. At the time the original complaint was filed, Saticoy already knew that JPMorgan's predecessor, Metlife Home Loans (Metlife), had tendered the entire lien amount listed in the notice of default. Saticoy knew JPMorgan was challenging the HOA foreclosure sale's effect on the deed of trust, and it had factual and evidentiary bases to conclude that among the various reasons JPMorgan believed the deed of trust survived the sale was because Metlife tendered the superpriority amount. The amended complaint further fleshed out JPMorgan's contentions regarding lack of notice as to whether the HOA was still contending a superpriority lien existed after Metlife's payment, and whether the sale is void and the deed of trust was not extinguished due to the tender.

Saticoy was given adequate notice that the "whole transaction" of the HOA foreclosure and its effect on the deed of trust was at issue. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1006 (9th Cir. 2014) (quotation omitted). Consequently, "the purposes of the statute of limitations were satisfied." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1260 n.29 (9th Cir. 1982). Saticoy has not identified any prejudice caused by the timing of the filing of the tender allegations in the amended complaint,[4] so "there is no reason to find [those allegations] time barred." *Id.* Federal Rule of Civil Procedure 15(c)'s relation back

---

[4] Although Saticoy contends it would have behaved differently if it had known about the tender, it does not explain what other actions it would have taken and it presents no evidence to support its assertion. That is likely because Saticoy knew about Metlife's payment throughout the litigation.

8

doctrine "is to be liberally applied." *Id.* Accordingly, I deny Saticoy's motion for summary judgment on statute of limitations grounds.[5]

**B. Rule 56(d)**

Saticoy requests that I defer ruling on JPMorgan's motion for summary judgment under Federal Rule of Civil Procedure 56(d). "Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)). A party seeking Rule 56(d) relief bears the burden of showing that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). When confronted with a Rule 56(d) motion, I may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Whether to grant relief under this rule lies within my discretion. *Burlington N. Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

Saticoy has failed to provide the required affidavit. Additionally, discovery has closed, and Saticoy has filed its own summary judgment motion. ECF Nos. 44, 68. I therefore deny Saticoy's request for Rule 56(d) relief.

////

---

[5] Moreover, JPMorgan's defense of tender is timely. *See Fed. Nat'l Mortg. Ass'n v. SFR Investments Pool 1, LLC*, No. 2:17-cv-01750-APG-BNW, 2019 WL 3291522, at *3-4 (D. Nev. July 22, 2019). Thus, at best, Saticoy could prevail on JPMorgan's claim as untimely. But, as discussed below, Saticoy cannot prevail on its own counterclaim to quiet title because no genuine dispute remains that Metlife's payment preserved the deed of trust.

### C. Merits

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A.*, 427 P.3d at 116. To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

JPMorgan has met its initial burden of establishing Metlife tendered the entire lien amount listed in the notice of default, which would satisfy the superpriority amount. The HOA recorded a notice of default on August 31, 2011 in which it listed the amount due as $4,281.50. ECF No. 51-1 at 33. The HOA's foreclosure agent mailed the notice of default to Metlife on September 8, 2011. *Id.* at 38. Less than 30 days later, Metlife sent the foreclosure agent a check (with no conditions) for two properties and indicated that it was allocating $4,281.50 of the check's payment toward this property. *Id.* at 77. Saticoy has presented no contrary evidence.

The Supreme Court of Nevada has held in similar circumstances that a lienholder's unconditional payment of the entire lien amount listed in the notice of default satisfies the superpriority lien and preserves the deed of trust. *See RJRN Holdings, LLC v. JPMorgan Chase Bank, N.A.*, No. 73163, 422 P.3d 711, 2018 WL 3545160, at *1 (Nev. 2018) ("We conclude that the district court properly granted summary judgment for respondents on the ground that MetLife Home Loans tendered the entire unpaid lien amount reflected in the HOA's notice of default.").[6]

---

[6] In *RJRN Holdings, LLC*, Metlife made the payment more than two months after the notice of default was recorded. No. 73163, Appellant's Opening Br. at 4. The Nevada Court of Appeals reached a similar result where Metlife mailed the payment more than 30 days after the notice of default was recorded. *Brooklyn Heights St. Tr. v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 76022-COA, 2019 WL 3469151, at *1 (Nev. App. July 31, 2019); No. 76022, Appellant's Op. Br. at 6. Consequently, the fact that in this case Metlife did not mail the payment until more than 30 days after the notice of default was recorded does not change the result.

*See also* Nev. Rev. Stat. § 116.31162(c) (2013) (allowing 90 days to cure following the notice of default before the HOA can proceed with the sale). Consequently, the tender payment satisfied the superpriority amount and the deed of trust was preserved by operation of law. I therefore grant JPMorgan's motion for summary judgment and deny Saticoy's motion for summary judgment.

## IV. REMAINING CLAIMS

JPMorgan, Heritage, and Saticoy all asserted claims against NAS, but no party has moved for summary judgment or default judgment against NAS.[7] The parties therefore shall file either a proposed joint pretrial order or a status report on how they intend to proceed against NAS.

## V. CONCLUSION

I THEREFORE ORDER that cross-defendant Heritage Villas #1 Homeowners Association's motion for summary judgment **(ECF No. 42) is GRANTED in part**. The clerk of court is instructed to enter judgment in favor of cross-defendant Heritage Villas #1 Homeowners Association and against cross-claimant Saticoy Bay LLC Series 741 Heritage Vista.

I FURTHER ORDER that defendant Saticoy Bay LLC Series 741 Heritage Vista's motion for summary judgment **(ECF No. 68) is DENIED**.

I FURTHER ORDER that plaintiff JPMorgan Chase Bank, N.A.'s motion for summary judgment **(ECF No. 51) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff JPMorgan Chase Bank, N.A. and against defendant Saticoy Bay LLC Series 741 Heritage Vista as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on October 18, 2013 did not extinguish the deed of trust and the

---

[7] Only JPMorgan has obtained an entry of clerk's default against NAS. ECF No. 48.

property located at 741 Heritage Vista Avenue in Henderson, Nevada remains subject to the deed of trust.

I FURTHER ORDER that by March 16, 2020, the parties shall file either a proposed joint pretrial order or a status report regarding the remaining claims against defendant/cross-defendant Nevada Association Services, Inc.

DATED this 14th day of February, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE