UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., <br><br> Plaintiff <br><br> v. <br><br> SATICOY BAY LLC SERIES 741 HERITAGE VISA, et al., <br><br> Defendants | Case No.: 2:17-cv-002646-APG-CWH <br><br> **Order Granting Motion for Attorneys' Fees** <br><br> [ECF No. 80] |

    I previously granted summary judgment to defendant Heritage Villas #1 Homeowners Association (Heritage) on the cross-claims asserted against it by defendant Saticoy Bay LLC Series 741 Heritage Vista (Saticoy). ECF No. 76.  Heritage now moves for an award of its attorneys' fees under Nevada Revised Statutes § 116.4117(6). ECF No. 80.[1]  In its opposition, Saticoy responds that the litigation raised unsettled legal issues, that it litigated this case and rejected Heritage's offer of judgment in good faith, and that Heritage has not satisfied the factors for recovering fees under *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983). ECF No. 81.  But none of those arguments negates the fact that Heritage is the prevailing party on claims arising from Nevada Revised Statutes Chapter 116, entitling Heritage to recover its fees under § 116.4117(6).

    A party may sue an HOA "for damages or other appropriate relief for a failure or refusal to comply with any provision of [Nevada Revised Statutes Chapter 116] or the [HOA's]

---

[1] Heritage makes passing reference to another potential basis to recover its fees (Nevada Rule of Civil Procedure 68) by noting that Saticoy did not achieve a better outcome than Heritage's offer of judgment. ECF No. 80 at 2 - 3.  Heritage does not explicitly request fees under Rule 68, and even if it did, the amount recovered would be less than that awarded under § 116.4117(6) because Rule 68 permits only recovery of fees incurred from the time of the offer.

governing documents." Nev. Rev. Stat. § 116.4117(2).  In such a case, "[t]he court may award reasonable attorney's fees to the prevailing party." Nev. Rev. Stat. § 116.4117(6).  Saticoy alleged that Heritage improperly foreclosed on its HOA lien under Nevada Revised Statutes Chapter 116. ECF No. 32.  Thus, Saticoy's cross-claims are governed by § 116.4117(6) and Heritage, as the prevailing party, is entitled to recover its reasonable attorneys' fees. *See Cole-Monahan v. Salvo*, unpublished slip op., 2014 WL 5686290 (Table) (Nev. 2014) (authorizing attorney fees to prevailing party under § 116.4117(6)).

Saticoy's argument that I must analyze the fee request under *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983) is unavailing.  *Beattie* focuses on a request for fees under Rule 68. 668 P.2d at 274.  Thus, it is not applicable here.

Saticoy does not object to the amount or reasonableness of Heritage's fee request. Nevertheless, I have reviewed that request under the factors listed in *Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33 (Nev. 1969).[2]  Heritage's lawyers are sufficiently credentialed, the work was appropriately performed, and Heritage prevailed on the claims against it.  The rates charged are appropriate for this district, and the hours incurred were reasonable. *See* ECF No. 80-5.  I therefore grant the motion and award Heritage attorneys' fees in the amount of $10,850.50.  I deny Heritage's request for costs because those must be sought under Federal Rule of Civil Procedure 54(d) and Local Rules 54-1 through 54-13.

Finally, Saticoy and Heritage previously stated that they will "dismiss their respective claims against [defendant Nevada Association Services, Inc.] within a month of a decision on" Heritage's motion for attorneys' fees. ECF No. 82 at 2.  Therefore, they are to submit appropriate

---

[2] These factors are similar to those discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  I have also considered the *Kerr* factors.

dismissal papers by September 2, 2020.  If they do not, I will dismiss those claims with prejudice and without further notice.

I THEREFORE ORDER that Heritage Villas #1 Homeowners Association's motion for attorneys' fees **(ECF No. 80) is GRANTED**.  Heritage is awarded fees in the amount of $10,850.50 against Saticoy Bay LLC Series 741 Heritage Vista.

I FURTHER ORDER Saticoy and Heritage to file appropriate papers dismissing their respective claims against defendant Nevada Association Services, Inc. by September 2, 2020.  If they do not, I will dismiss those claims with prejudice and without further notice.

DATED this 3rd day of August, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE